UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Ernest Garrett,<br><br>　　　　　Plaintiff,<br>v.<br><br>Boston Scientific Corporation, and<br>Selsa Castillo,<br><br>　　　　　Defendants. | Court File No.: 22-cv-01640 (ADM/JFD)<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** |

_____

## INTRODUCTION

Plaintiff Ernest Garrett ("Plaintiff") amended his original Complaint as a matter of course on June 23, 2022, adding Defendant Selsa Castillo ("Defendant Castillo") as a party. Defendant Castillo opposes Plaintiff's motion arguing Plaintiff fraudulently added her as a party as he has no basis to hold her liable for reprisal. But, Plaintiff stated a colorable claim of reprisal under MHRA, making joinder not fraudulent. Thus, because complete diversity no longer exists, the current motion should be remanded back to state court.

## FACTUAL BACKGROUND

Plaintiff worked in Defendant Boston Scientific Corporation's ("Defendant BSC") Maintenance Department for nearly two decades. (Dkt. 7, Am. Compl. ¶ 1.) For his entire tenure, he was the only African American employee in the Department. (*Id*. ¶ 12.) Throughout his employment at Defendant BSC, Plaintiff was continuously subjected to microaggressions and blatant discriminatory statements. (*Id*. ¶ 13.) After the murder of George Floyd, Defendant BSC issued a public letter promising to "continue to talk about

discrimination and injustice because dialogue—and action—is the path to a better future." (*Id*.¶ 27.) Hopeful that Defendant BSC would seriously investigate his reports of discrimination in the Company, Plaintiff reached out to BSC executives for help, including Defendant Castillo. (*Id*. ¶¶ 27–28, 30.) Each time Plaintiff reported discrimination to Defendant Castillo, she asked him to keep his complaints confidential, and failed to follow up with him or start an investigation. (*Id*. ¶¶ 30–31.) On August 9, 2021, Plaintiff reported to Defendant Castillo that one employee made continuous discriminatory statements to Plaintiff and a Black male intern. (*Id*. ¶ 34.) Defendant Castillo did not respond to Plaintiff for several weeks, only informing him on October 13, 2021, that the matter "has been looked into and . . . any necessary action has been taken." (*Id*. ¶ 35.)

On October 19, 2021, Plaintiff was called to the New Horizon Academy located on BSC campus due to issues with hot water in the building. (*Id*. ¶ 36.) After fixing the issue, Plaintiff left the premises. (*Id*. ¶ 36.) Later that day, Plaintiff received an email from Daycare Director Becky Zirbel, who informed him that there were still issues with the hot water. (*Id*. ¶ 37.) Plaintiff returned to the building and confirmed that the water issues were resolved, at which point Zirbel started talking to him about other matters. (*Id*. ¶¶ 37–38.) As Plaintiff had other pressing work matters to attend to, Plaintiff interrupted her by asking if she needed anything else, to which Zirbel angrily said to Plaintiff: "You will not talk to me this way." (*Id*. ¶ 38.) Plaintiff, who was standing at least five feet away from Zirbel, was taken aback by her threat and offered to step out of the room to resolve the misunderstanding. (*Id*. ¶ 39.) Zirbel refused, and Plaintiff left New Horizon. (*Id*. ¶ 39.)

The next day, Plaintiff received a call from Defendant Castillo and Global Security

2

Manager Beth Theriot, who informed Plaintiff that Zirbel had accused him of lunging at her. (*Id*. ¶ 40.) After Plaintiff explained what happened, Defendant Castillo asked him to have other employees do the work at New Horizon, if possible. (*Id*. ¶ 41.) Plaintiff was never told that he was prohibited from entering the building. (*Id*. ¶ 42.) On October 21, 2021, Plaintiff passed through the New Horizon building with his colleague Don Herman while doing a routine monthly pest control. (*Id*. ¶ 44.) Later that evening, Plaintiff received a call from Defendant Castillo and Theriot who stated that Zirbel allegedly saw him at New Horizon and that he was being placed on a paid leave while Defendant BSC investigated the allegations. (*Id*. ¶ 46.) On October 27, 2021, Plaintiff's employment was abruptly terminated because Zirbel allegedly saw him in the New Horizon building on October 21, 2021. (*Id*. ¶ 47.)

## ARGUMENT

**I.    PLAINTIFF'S AMENDMENT DOES NOT QUALIFY AS FRAUDULENT JOINDER BECAUSE HE HAS A COGNIZABLE CLAIM AGAINST DEFENDANT CASTILLO ARISING FROM THE SAME FACTS AS HIS CLAIMS AGAINST DEFENDANT BSC.**

"[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla v. Norfolk S. Ry. Co*., 336 F.3d 806, 811 (8th Cir. 2003) citing (*Wiles v. Capitol Indemnity Corp*., 280 F.3d 868, 871 (8th Cir.2002)). Defendant carries a heavy burden of proof in establishing fraudulent-joinder. *See, e.g., Polito v. Molasky*, 123 F.2d 258 (8th Cir.1941) ("The burden . . . is upon the removing defendant to prove . . . fraudulent joinder by clear and convincing evidence."). For the purposes of fraudulent joinder, courts "do not focus on the artfulness of the plaintiff's pleadings." *Knudson v. Sys. Painters, Inc*., 634 F.3d 968, 980 (8th Cir.2011).

3

"[I]n its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law. Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla*, 336 F.3d at 811. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson*, 634 F.3d 975. "[I]f there is a 'colorable' cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." *Filla*, 336 F.3d at 810.

Defendant Castillo argues that Plaintiff has not pled facts to support the reasonable inference that she participated in any reported alleged discrimination or took any adverse employment action against Plaintiff. But, Defendant's argument is unpersuasive. Because Defendant is not disputing whether individual liability against individual defendants exists, for the purposes of fraudulent joinder, Plaintiff's reprisal claim against Defendant Castillo is colorable and states a claim upon which relief could be granted.

**II. PLAINTIFF HAS PLED FACTS SUFFICIENT TO SUPPORT HIS CLAIM AGAINST DEFENDANT CASTILLO FOR PURPOSES OF THE INSTANT MOTION.**

**A. DEFENDANT CASTILLO PARTICIPATED IN DEFENDANT BSC'S DISCRIMINATORY PRACTICES WHEN SHE FAILED TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATORY CONDUCT.**

Firstly, Defendant Castillo argues that she cannot have engaged in reprisal because she did not "participate in the alleged discrimination" as is required under MHRA. Minn. Stat. § 363A.15. Here, Defendant Castillo mischaracterizes the MHRA by arguing that, because Defendant Castillo did not engage in the discriminatory acts that Plaintiff reported

4

to her, she cannot have engaged in reprisal in violation of the MHRA. The MHRA's reprisal statute is not limited in this way. Rather, it simply requires that the individual "participated in the alleged discrimination" and "engage[d] in any reprisal against any person because that person . . . opposed a practice forbidden under this chapter . . . ." Minn. Stat. § 363A.15. Reprisal is defined as including, but not being limited to, any form of intimidation, retaliation, or harassment. *Id.* Thus, if Defendant Castillo engaged in reprisal against Plaintiff for his opposition to any practice forbidden by the MHRA, then she has violated the MHRA.

Plaintiff's Amended Complaint alleges facts that support a reasonable inference that Defendant Castillo engaged in reprisal. In Count I, Plaintiff alleges that Defendant BSC and its employees "failed to take all reasonable steps to prevent discrimination based upon Plaintiff's race from occurring." (Am. Compl. ¶ 50.) The facts alleged in the Amended Complaint show that Defendant Castillo was part of this failure. Not only did she fail to follow up with Plaintiff or start an investigation based on his concerns, she asked him to keep his complaints confidential, contributing to BSC's culture of discriminatory complicity and silence. (Am. Compl. ¶ 30–31.) Thus, based on the allegations within the Amended Complaint, Plaintiff has shown that Defendant Castillo engaged in reprisal in violation of the MHRA.

### B. Plaintiff's Amended Complaint alleges facts that connect Defendant Castillo to the decision to terminate Plaintiff's employment.

Defendant Castillo next argues that Plaintiff fails to state a claim for reprisal because Defendant Castillo's alleged conduct did not constitute an adverse employment action. In

5

support of her position, Defendant cites to *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1007-1008 (8th Cir. 2012), stating that placement on paid leave pending an investigation is not a tangible employment action. But in *Pulczinski,* the court came to such conclusion because plaintiff in that case was allowed to return to work after the leave. *Id.* at 1007-1008; *See also Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886 (8th Cir. 2005) (holding that an administrative leave after which plaintiff was restored to original position, was not an adverse employment action), *Charleston v. McCarthy*, 926 F.3d 982, 989 (8th Cir. 2019) (stating that "suspension can constitute an adverse employment action."). Here, Plaintiff was not allowed to return from leave on which he was placed by Defendant Castillo, thus his leave which resulted in a termination constitutes an adverse employment action.

Defendant's argument that Castillo did not engage in conduct amounting to an adverse employment action also ignores several key facts alleged in the complaint and their logical connection to Plaintiff's termination. Defendant Castillo also states that she "was on vacation when the decision to place Plaintiff on a leave of absence was communicated to him and [she] did not participate in that conversation." (Decl. Castillo ¶ 6.) But, Plaintiff specifically remembers receiving a call from both Defendant Castillo and Theriot placing him on leave. (Am. Compl. ¶ 46.) Additionally, Defendant BSC "admit[ed] the allegations contained in Paragraph 46 of the Amended Complaint." (Dkt. 20, Def.'s Answer to Am. Compl. ¶ 46.)

Moreover, the Amended Complaint alleges the facts Plaintiff has knowledge of at this point without the benefit of engaging in discovery: that Defendant Castillo informed

6

him that he was being placed on leave while Defendant BSC investigated the allegations against him, and that he was later terminated based on those allegations. (Am. Compl. ¶¶ 46–47.) The Amended Complaint also alleges that Defendant Castillo had previously been tasked with completing investigations similar to the one resulting in Plaintiff's termination. (*Id.* at ¶¶ 30, 34–35.) For example, in regards to the Plaintiff's complaint about racial comments made to a Black intern, Defendant Castillo informed Plaintiff that "any necessary action has been taken," implying that she did play a role in disciplinary actions surrounding investigations. (*Id.* at ¶ 35.) These facts lead to the reasonable inference that Defendant Castillo placed Plaintiff on leave, oversaw the investigation of the allegations against Plaintiff, and was involved in Defendant BSC's decision to terminate Plaintiff as a result of that investigation.

Defendant Castillo attempts to argue that, because Plaintiff did not allege facts that explicitly state the foregoing, he has failed to state a claim for reprisal. The standard Defendant Castillo argues for imposes a higher pleading standard than what is required of Plaintiff, especially for the purposes of fraudulent joinder. Thus, because Plaintiff's Amended Complaint alleges facts that allow this Court to draw the reasonable inference that Defendant Castillo was involved in Defendant BSC's decision to terminate Plaintiff's employment, he sufficiently alleges a claim of reprisal claim against Defendant Castillo.

### C. A CAUSAL CONNECTION EXISTS BETWEEN PLAINTIFF'S PROTECTED CONDUCT AND DEFENDANT CASTILLO'S DECISION TO PLACE HIM ON LEAVE.

Defendant Castillo finally argues that Plaintiff has failed to allege facts to support a causal connection between his protected conduct and his termination. This argument again

misconstrues the reality of the facts alleged in the Amended Complaint. Defendant Castillo alleges that the impact of Plaintiff's latest report of discriminatory conduct began and ended on the day that he first reported it in August. (Def.'s Mem. Supp. Mot. Dismiss at 9.) In reality, although Plaintiff reported the conduct to Defendant Castillo on August 9, the ensuing investigation took place over the next several weeks, and Defendant Castillo only informed Plaintiff of the conclusion of her investigation and that "any necessary action has been taken" on October 13—less than three weeks before his termination. (Am. Compl. ¶ 35.)

Thus, while Defendant Castillo characterizes this as a "near three-month gap," the reality is very different, and the temporal proximity is much shorter, supporting an inference of causation. *See, e.g.*, *Sprenger v. Federal Home Loan Bank of Des Moines*, 253 F.3d 1106, 1113 (8th Cir. 2001) (holding that temporal proximity of "a matter of weeks" between when defendant learned of plaintiff's disability and adverse employment action supported a prima facie case of disability discrimination); *Potter v. Ernst & Young, LLP*, 622 N.W.2d 141, 146 (Minn. App. 2001) (stating that a three month gap between a report and termination was enough to establish causal connection); *Thompson v. Campbell*, 845 F.Supp. 665, 675 (D.Minn.1994) (four months gap raised an issue of material fact concerning the causal connection between protected conduct and termination).

Moreover, this showing must again be placed within the context of the current stage of this litigation. Plaintiff has yet to conduct discovery, and as such does not have the benefit of the testimony and documentation that could further prove his reprisal claim against Defendant Castillo. Thus, again, for the purposes of fraudulent joinder analyses,

8

Plaintiff stated a colorable claim of reprisal. Finally, because Plaintiff brought a colorable claim against Defendant Castillo, the joinder is proper and is not done for the sole purpose of destroying diversity and Plaintiff should be allowed to go forward with his litigation against both Defendants.

## CONCLUSION

Because the joinder is not fraudulent and diversity jurisdiction no longer exists under the Amended Complaint, Plaintiff asks this Court to remand this case back to Hennepin County District Court.

Dated: August 12, 2022         **HALUNEN LAW**

*/s/ Maria B. Shatonova*
Colin J. Pasterski, #398493
Maria B. Shatonova, #401081
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
pasterski@halunenlaw.com
shatonova@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*