UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ernest Garrett,<br><br>        Plaintiff,<br><br>v.<br><br>Boston Scientific Corporation and Selsa Castillo,<br><br>        Defendants. | Case No. 0:22-cv-01640-ADM-JFD<br><br>**DEFENDANT SELSA CASTILLO'S <u>REPLY</u> MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Likely recognizing that Plaintiff has failed to sufficiently plead facts to support a reprisal claim against Defendant Castillo, Plaintiff resorts to speculation. Plaintiff asks the Court to conclude, among other things, that while he did not plead that Defendant Castillo took any adverse employment action against him – the heart of a reprisal claim – the Court can simply speculate as much for purposes of this motion and remand this matter back to state court for lack of jurisdiction.

This is a textbook example of an effort, devoid of factual basis, to add an individual defendant to a lawsuit simply to destroy diversity jurisdiction. Because Plaintiff has not pled (and cannot plead) a plausible claim for reprisal against Defendant Castillo, she must be dismissed from this lawsuit for fraudulent joinder.

### I. Plaintiff Did Not Plead that Defendant Castillo "Participated In the Alleged Discrimination."

Under § 363A.15 of the Minnesota Human Rights Act ("MHRA"), Plaintiff's first burden is to show that Defendant Castillo "participated in the alleged discrimination."

Minn. Stat. § 363A.15. In response to the argument that she did not, Plaintiff states only, "The MHRA's reprisal statute is not limited in this way." (Dkt, 29, Opposition, at 7.)

But by its plain language, it is. Section 363A.15 of the MHRA expressly states: "It is an unfair discriminatory practice **for any individual who participated in the alleged discrimination**" to engage in reprisal. Minn. Stat. § 363A.15. In *Arens v. O'Reilly Automotive, Inc.*, 874 F.Supp.2d 805 (D. Minn. 2012), the first Minnesota opinion addressing individual liability for reprisal under this section, the court expressly noted that the language of the statute leaves open the possibility that *supervisors* may be held individually liable for reprisal if they participated in the discrimination. In that case, Arens alleged that his supervisor bore hostility toward him and other older and disabled persons. *Id.* at 810. He alleged that his supervisor stated he was going to "get rid of all the older workers," that "young employees were easier to manage," and that young employees were "cheaper." Case No. 12-cv-00687, ECF No. 1-1 at ¶ 13. Arens filed a Charge of Discrimination with the Minnesota Department of Human Rights alleging age and disability discrimination by his supervisor, filed a worker's compensation claim two months later, and upon being cleared to return to work, was told by his supervisor that there was no work for him to return to. *Id.* at ¶¶ 11, 15, 17. His employment was subsequently terminated. *Id.* Arens alleged both that his supervisor discriminated against him based on his age and disability and retaliated against him for reporting the alleged discrimination.[1]

---

[1] While *Arens* was ultimately remanded, the decision was based on factors not present here, including Arens's request for leave to amend to add state law tort claims against the

In sharp contrast, here there simply is no allegation that Defendant Castillo participated in any discriminatory act. Nor does Plaintiff argue as much. Instead, Plaintiff asks the Court to extend individual liability for reprisal under the MHRA to anyone who played any role in fielding a discrimination complaint from an employee. Not surprisingly, Plaintiff cites no case law to support this excessively broad reading of the statute.

Defendant Castillo did not participate in any discrimination alleged by Plaintiff. This, in and of itself, is fatal to Plaintiff's MHRA claim against Defendant Castillo.

## II.     Plaintiff Has Not Pled Any Adverse Employment Action Taken by Defendant Castillo.

But even if Plaintiff had sufficiently pled that Defendant Castillo "participated in the alleged discrimination," he has not sufficiently pled facts to support his second required showing under Minn. Stat. § 363A.15: that Defendant Castillo engaged in reprisal by taking any adverse employment action against Plaintiff.

First, Plaintiff argues that Defendant Castillo engaged in an adverse employment action when she "asked him to keep [his] complaints confidential" and "fail[ed] to follow up with Plaintiff or start an investigation based on his concerns." (Am. Compl. at ¶¶ 30-31; Opposition at 29.)

Asking Plaintiff to keep his concerns confidential while Defendant Castillo investigated them is not an adverse employment action for the reasons stated in

---

individual defendant. Additionally, unlike in this case, there was no dispute in *Arens* that the plaintiff had properly pled a claim against the individual defendant; the dispute was merely about whether the MHRA allowed for individual liability.

3

Defendant's Motion to Dismiss. (Dkt. 23, Motion, at 7-8.) Instead it is a classic example of the appropriate way to investigate a complaint without tainting the recollections or testimony of any other witnesses. Plaintiff makes no effort to distinguish the law cited on this point or otherwise address Defendant Castillo's argument.

Further, the allegations that Defendant Castillo did not investigate his concerns or follow up with him – even if this did arise to an adverse employment action, which is unlikely, *see* Motion at 7-8 – is blatantly contradicted by Paragraph 35 of Plaintiff's own Complaint that states "On October 13, 2021, Castillo informed Garrett that the matter he reported 'has been looked into and. . . any necessary action has been taken.'" (Am. Compl. at ¶ 35.) By Plaintiff's own admission, Defendant Castillo looked into his concerns and followed up with him regarding the conclusion of the investigation.

Second, Plaintiff asks the Court to speculate that Defendant Castillo made the decision to place Plaintiff on a paid leave of absence pending an investigation and to ultimately terminate his employment. Plaintiff argues that even though *he did not plead facts* to support either of these allegations, the Court can infer as much because Plaintiff *did plead*: (1) that Defendant Castillo had conducted investigations before; and (2) that Defendant Castillo informed him that BSC was placing him on a leave of absence. (Opposition at 8-9.) Plaintiff posits that asking him to plead anything further on this point amounts to a "higher pleading standard" than what is required. (*Id.* at 9.)

This is simply not the law. While it is true, as Plaintiff suggests, that the Court may make reasonable inferences based on the pleadings, "a reasonable inference is one that may be made without resort to speculation." *Loeffler v. City of Anoka*, 79 F.Supp.3d

4

986 (D. Minn. 2015); *see also Dunbar v. Wells Fargo Bank, N.A.*, 853 F.Supp.2d 839, 848 (D. Minn. 2012) *aff'd*, 709 F.3d 1257 (8th Cir. 2013) ("Mere speculation about what may have happened does not allow a plausible inference[.]"); *City Center Realty Partners, LLC v. Macy's Retail Holdings, Inc.*, 2017 WL 4081896 at *10 (D. Minn. Sept. 13, 2017) ("And although City Center suspects that negotiations with another buyer were underway, City Center does not plead sufficient facts to support this inference, beyond mere speculation.").

Here, Plaintiff pleads no facts to support that Defendant Castillo – as the Employee Relations representative assigned to investigate his concerns – made the decision to place him on a paid leave of absence and to then to terminate his employment. Plaintiff asks the Court to purely speculate that that is the case for purposes of this motion, despite his complete failure to plead it. The Court should not do so.

## III. Plaintiff Has Pled No Causal Connection.

Finally, Plaintiff alleges that he has sufficiently pled a causal connection between his report of discrimination and the termination of his employment.[2] Plaintiff concedes that the only plausible causal connection pled is temporal proximity and asks the Court to measure temporal proximity not from the date of Plaintiff's protected conduct, but from the end of BSC's investigation. (Opposition at 10-11.) Again, Plaintiff cites no case law supporting that request. Indeed, the Eighth Circuit regularly measures temporal proximity

---

[2] Plaintiff advances no causation argument with respect to his paid leave of absence. Because it occurred close in time to the termination of his employment, any temporal proximity argument fails for the same reasons discussed herein.

from the date of the protected conduct, notwithstanding any ensuing employer investigation. *Lissick v. Anderson Corp.*, 996 F.3d 876, 883-84 (8th Cir. 2021) (measuring temporal proximity between plaintiff's report and the termination of his employment); *Mervine v. Plant Eng'g Servs, LLC*, 859 F.3d 519 (8th Cir. 2017) (same); *Cheshewalla v. Rand & Son Const. Co.*, 415 F.3d 847, 851-52 (8th Cir. 2005) (same).

Here, as stated in Defendant Castillo's moving brief, even assuming Defendant Castillo participated in discrimination (which she did not) and even assuming Defendant Castillo took an adverse employment against Plaintiff (which she did not), the temporal proximity between the protected conduct Plaintiff pled and the adverse employment action is too attenuated to support a causal connection. For this reason, too, Plaintiff's claim against Defendant Castillo fails.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint as it pertains to Defendant Castillo, and dismiss Defendant Castillo from this action with prejudice.

**FAEGRE DRINKER BIDDLE & REATH LLP**

| | |
|---|---|
| Dated: August 22, 2022 | */s/ Terran Chambers* |
| | Charles F. Knapp, MN Atty #0220371 |
| | Terran C. Chambers, MN Atty #0396415 |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, MN 55402-3901 |
| | Telephone: (612) 766-7000 |
| | Facsimile: (612) 766-1600 |
| | *Chuck.Knapp@FaegreDrinker.com* |
| | *Terran.Chambers@FaegreDrinker.com* |
| | |
| | *Attorneys for Defendants Boston Scientific Corporation and Selsa Castillo* |

US.351781344.02