UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ernest Garrett,

        Plaintiff,

v.                                  **MEMORANDUM OPINION AND ORDER**

Boston Scientific Corporation         Civil No. 22-1640 ADM/JFD
and Selsa Castillo,

        Defendants.

_____

Maria Shatonova, Esq., and Colin John Pasterski, Esq., Halunen Law, Minneapolis, MN, on behalf of Plaintiff.

Terran C. Chambers, Esq., Faegre Drinker Biddle & Reath LLP, Minneapolis, MN, on behalf of Defendant Selsa Castillo.

_____

## I.  INTRODUCTION

On September 14, 2022, the undersigned United States District Judge heard oral argument on Plaintiff Ernest Garrett's ("Garrett") Motion to Remand [Docket No. 14] and Defendant Selsa Castillo's ("Castillo") Motion to Dismiss [Docket No. 21]. For the reasons set forth below, Garrett's motion is denied and Castillo's motion is granted.

## II.  BACKGROUND

**A.  Procedural History**

On June 1, 2022, Garrett sued his former employer, Boston Scientific Corporation ("BSC"), in Minnesota state court alleging claims for race discrimination, hostile work environment, and reprisal in violation of the Minnesota Human Rights Act ("MHRA"). See Compl. [Docket No. 1, Attach. 1]. BSC timely removed the case to federal court based on based on diversity jurisdiction. See Notice Removal [Docket No. 1].

The day after the case was removed, Garrett filed an Amended Complaint naming BSC Senior Employee Relations Representative Selsa Castillo ("Castillo") as an individual defendant. See Am. Compl. [Docket No. 7] ¶ 4. Garrett asserts a claim against Castillo for reprisal under the MHRA. Id. ¶¶ 64-68. Castillo is a Minnesota resident. Id. ¶¶ 4, 7.

Garrett now moves to remand the case back to state court based on a lack of diversity jurisdiction. Castillo opposes remand, arguing she has been fraudulently joined to destroy diversity jurisdiction. Castillo also moves to dismiss the claim against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**B. Factual Allegations**

Garrett worked as a maintenance technician at Defendant Boston Scientific from 2003 to 2021. Am. Compl. ¶¶ 10-11, 47. During his tenure, he was the only African American employee in the maintenance department. Id. ¶ 12. Garrett alleges that throughout his employment, he was subjected to racial microaggressions and blatantly discriminatory remarks from supervisors and co-workers. Id. ¶¶ 13-26. He does not allege that Castillo engaged in this discriminatory conduct. See generally id.

In May of 2021, Garrett began discussions with Castillo about the discrimination he had experienced at BSC. Id. ¶ 30. Castillo asked Garrett to keep his complaints confidential, which made him feel his complaints were not important to BSC. Id.

On August 9, 2021, Garrett reported to Castillo that an employee continually made discriminatory statements to him and to a Black intern. Id. ¶ 34. On October 13, 2021, Castillo informed Garrett that the matter "has been looked into and . . . any necessary action has been taken." Id. ¶ 35.

2

On October 19, 2021, Garrett was called to the New Horizon daycare ("New Horizon") located on BSC's campus to address issues with hot water in the building. Id. ¶¶ 36-37. While there, he was involved in a verbal altercation with New Horizon director Becky Zirbel ("Zirbel"). Id. ¶¶ 38-39. The next day, Castillo and a BSC security manager called Garrett to report that Zirbel had accused Garrett of lunging at her. Id. ¶ 40. Garrett alleges that this accusation is false. Id. ¶ 43. After Garrett explained to Castillo and the security manager what had actually happened, Castillo asked Garrett to have other employees do the work at New Horizon, if possible. Id. ¶ 41.

On October 21, 2021, the day after he had been asked not to do work at New Horizon, Garrett walked through the New Horizon building with a colleague to do monthly pest control. Id. ¶ 44. Later that day, Garrett noticed that his badge was no longer working and he had no access to the BSC buildings. Id. ¶ 45. Garrett was then told by his supervisor to go home. Id.

Later that evening, Garrett received a call from Castillo and the BSC security manager telling him that Zirbel had reported Garrett's presence at the daycare facility and that he was being placed on unpaid leave while BSC investigated Zirbel's allegations. Id. ¶ 46. On October 27, 2021, BSC terminated Garrett's employment. Id. ¶ 47.

### III.  DISCUSSION

#### A.  Motion to Remand

Garrett argues that the case must be remanded to state court based on lack of subject matter jurisdiction because complete diversity of citizenship no longer exists among the litigants now that Castillo has been added as a defendant. Castillo responds that the Court should deny the motion for remand and retain jurisdiction because she has been fraudulently joined for the purpose of destroying diversity jurisdiction.

**1. Legal Standard**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). If a district court concludes that it does not have subject matter jurisdiction over a removed case, it must remand the case. Junk v. Terminix Int'l Co., 628 F.3d 439, 444-45 (8th Cir. 2010) (citing 28 U.S.C. 1447(c)). "Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id. at 445 (internal quotation marks omitted). However, "a district court may retain jurisdiction where the nondiverse defendant has been fraudulently joined." Id.

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir.2002)). "However, if there is a 'colorable' cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Id. (internal quotation marks and citation omitted) (emphasis in original). This standard is less "demanding" than the Rule 12(b)(6) "plausibility" standard. Junk, 628 F.3d at 445. The question of fraudulent joinder "turns on whether [the plaintiff] might have had a "colorable" claim against [the non-diverse defendant], not on the artfulness of [the plaintiff's] pleadings." Id. at 446 (internal quotation marks omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id.

4

### 2. Garrett's Reprisal Claim Against Castillo

Garrett argues that Castillo has not been fraudulently joined because the Amended Complaint alleges a colorable claim against her for reprisal under the MHRA. Castillo responds that no reasonable basis exists to hold Castillo individually liable for reprisal under the facts alleged, because the Amended Complaint does not allege that Castillo: (1) participated in the alleged discrimination; or (2) took any adverse employment action against Garrett.

#### a. No Allegations that Castillo Participated in the Alleged Discrimination

The reprisal provision of the MHRA states that "[i]t is an unfair discriminatory practice for any individual <u>who participated in the alleged discrimination</u> . . . to intentionally engage in any reprisal against any person because that person . . . opposed a practice forbidden under this chapter . . . ." Minn. Stat. § 363A.15 (emphasis added). As the plain language of the statute makes clear, liability will only attach if the defendant "participated in the alleged discrimination." <u>Id.</u>

The Amended Complaint does not allege any facts to support a reasonable inference that Castillo "participated in the alleged discrimination" as required under the MHRA. Minn. Stat. § 363A.15. Rather, the Amended Complaint alleges that Garrett informed Castillo about discrimination issues involving <u>other</u> BSC employees. <u>See</u> Am. Compl. ¶¶ 12-25. Because the Amended Complaint does not include any allegation that Castillo participated in the alleged discrimination, there is no reasonable basis for predicting that state law might impose liability on her under the MHRA.

Resisting this conclusion, Garrett argues that Castillo contributed to BSC's alleged "culture of discriminatory complicity" by failing to follow up with or investigate his concerns of discrimination. Pl. Reply Supp. Mot. Remand [Docket No. 30] at 5. This argument is directly

contradicted by the Amended Complaint, which alleges that "[o]n October 13, 2021, Castillo informed Garrett that the matter he reported 'has been looked into and . . . any necessary action has been taken.'" Am. Compl. ¶ 35. Accordingly, the alleged facts do not provide a reasonable basis for inferring that Castillo participated in the alleged discrimination.

### b. No Allegations that Castillo Took an Adverse Employment Action

Even if the Amended Complaint had alleged facts to support a reasonable inference that Castillo participated in the alleged discrimination, the Amended Complaint does not allege facts to support a reasonable inference that Castillo subjected Garrett to an adverse employment action. To succeed on a reprisal claim under the MHRA, a plaintiff must show: 1) that he engaged in protected activity; 2) that the defendant subjected the plaintiff to an adverse employment action; and 3) that there was a causal connection between the two. Sieden v. Chipotle Mexican Grill, Inc., 846 F.3d 1013, 1016–17 (8th Cir. 2017); Hoover v. Norwest Private Mortgage Banking, 632 N.W.2d 534, 548 (Minn. 2001).

The Amended Complaint fails to allege any facts that would support a reasonable inference that Castillo---an Employee Relations Representative who is not alleged to be Garrett's supervisor---made the decision to place Garrett on a leave of absence and eventually terminate his employment. The Amended Complaint alleges that after Garrett's supervisor had sent him home during the day, Castillo called him later that evening to inform him that he was being placed on leave while BSC investigated the allegations against him. Am. Compl. ¶¶ 45, 46. There is no reasonable basis for inferring that because Castillo communicated this decision to Garrett, she is also the person who made the decision. As such, the Amended Complaint has not stated facts sufficient to make a colorable claim against Castillo under the MHRA.

Because there is no reasonable basis for predicting that the MHRA might impose

6

liability on Castillo under the facts alleged, Castillo has been fraudulently joined. As a result, Garrett's motion to remand is denied and the Court retains jurisdiction over this case.

**B. Motion to Dismiss**

Castillo moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to sufficiently plead a claim against her for reprisal under the MHRA. Castillo argues that the Amended Complaint fails to plausibly allege that she participated in any discrimination against Garrett or took any adverse employment action against him.

Rule 12 requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). As stated earlier, the Rule 12(b)(6) plausibility standard is "more demanding" than the fraudulent joinder standard, which merely requires a "reasonable basis for predicting that the state law might impose liability based upon the facts involved." Junk, 628 F.3d at 445 (quoting Filla, 336 F.3d at 811).

Given the Court's conclusion that the Amended Complaint fails to state a colorable claim for reprisal against Castillo under the facts alleged, the Amended Complaint cannot to meet the more demanding standard of showing that the factual allegations state a plausible claim for relief against Castillo. Accordingly, Castillo's motion to dismiss is granted.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Ernest Garrett's Motion to Remand [Docket No. 14] is **DENIED**;

2. Defendant Selsa Castillo's Motion to Dismiss [Docket No. 21] is **GRANTED**; and

3. Castillo is dismissed as a Defendant in this case.

BY THE COURT:

Dated: October 3, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT